UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLLOUISE L. SILLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.4:08-CV-11 (JCH) |
| ) | |
| GMG, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The matter is before the Court on Defendants' Motion to Dismiss and/or, in the Alternative, to Require Joinder and/or Consolidation and Compel Mandatory Arbitration of Plaintiff's Complaint (Doc. No. 9), filed March 10, 2008 and Plaintiff's Motion to Consolidate (Doc. No. 13), filed March 17, 2008. The matters are ready for disposition.

## BACKGROUND

Plaintiff, who is presently seventy-two years old, began working for Defendant GMG, Inc.[1] ("GMG") in March 1972. (Compl., Doc. No. 1 at ¶ 13). GMG terminated her employment on June 4, 2007. (Id. at ¶ 14). GMG replaced Plaintiff with a younger worker and initially told her that it terminated her employment because she "was too old to work." (Id. at ¶ 20). GMG later stated that it terminated her employment because she called a resident "stupid." (Id. at ¶ 21).

While working for GMG, Plaintiff belonged to the Service Employees International Union Local 2000 ("Union"). (Mot. to Dismiss, Doc. No. 9 at ¶ 1). GMG and the Union entered into a

---

[1]Defendant GMG, Inc. does business as Carrie Ellison Gietner Home. (Compl., Doc. No. 1 at p. 1).

Collective Bargaining Agreement ("Agreement") in June 2006. (Memo. in Supp., Doc. No. 10 at Ex. 3 p. 30). The Agreement states that all grievances must go through a three step process ending in arbitration. (Id. at pp. 21-22).[2] The Agreement states:

> [A] grievance is a dispute or difference of opinion between the Union and the Company or between employees and the Company, arising during the terms of this Agreement, concerning the application of any express provisions of the Labor Agreement that is within the scope of this procedure. A grievance is also any claim under federal, state or local law or unlawful discharge, harassment, retaliation, discipline or unlawful treatment in employment, based upon any one or combination of the factors prohibited by rights under statutes as the Age Discrimination in Employment Act (ADEA) . . . Service Letter Claims, . . . and similar such claims under federal, state, and local law. Grievances involving claims under Article 19 shall be filed and shall be resolved exclusively by the grievance and arbitration procedure, except that any controversy arising under the National Labor Relations Act, as amended (NLRA) shall be processed under the provision of the NLRA.

(Id. at p. 25).

On January 4, 2008, Plaintiff filed this cause of action alleging the following claims against GMG: (I) age discrimination, in violation of 29 U.S.C. § 621 et seq.; (II) intentional infliction of emotional distress; (III) negligent infliction of emotional distress; and (IV) violation of Missouri's service letter statute, Mo Rev. Stat. § 290.140. (Compl. at ¶¶ 13-50). On January 31, 2008, Plaintiff filed suit against the Union alleging that it breached its duty of fair representation, in violation of 29 U.S.C. § 185. (4:08-cv-159 (CEJ), Compl., Doc. No. 1 at p. 1). On March 10, 2008, Defendants filed their motion to dismiss. (Doc. No. 9). They argue that this case should be consolidated with 4:08-cv-159 (CEJ), Counts I and IV must be arbitrated, and Counts II and III must be dismissed. (Id.). Plaintiffs concede that they must arbitrate Counts I-IV. (Resp., Doc. No. 15 at p. 4).

**I.   Joinder of the Union**

---

[2]Neither side disputes that the first two steps of the process were completed.

Defendants asserts that the Union must be joined as party in order to adjudicate fully Counts I and IV because it interprets Plaintiff's Complaint as requesting reinstatement. Plaintiff has not offered an alternative interpretation.

Federal Rule of Civil Procedure 19 governs the joinder of necessary parties and states:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). Rule 19, in essence, provides for the joinder of parties "who should or must take part in the litigation to achieve a just adjudication." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 126 S. Ct. 606, 614, (2005)(citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118-23 (1968)). This determination is made on a case-by-case basis and is dependent on the facts of the case. Alpers Jobbing Co., Inc. v. Northland Cas. Co., 173 F.R.D. 517, 519 (E.D. Mo. 1997). When considering Rule 19(a), the Court bases its decision on the pleadings as they appear at the time of the proposed joinder. Associated Dry Goods Corp. v. Tower Fin. Corp., 920 F.2d 1121, 1124 (2d Cir. 1990)(stating that "[p]laintiffs are not required to anticipate defendant's counterclaims and join all parties that may be necessary for defendant's benefit."). A union is an indispensable party when a plaintiff seeks reinstatement because the union's rights under the collective bargaining agreement may be impacted. See EEOC v. Rockwell Int'l Corp., 23 F. Supp. 2d 892, 894 (N.D. Ill.

1998); McCoe v. Town of Manchester, 101 F.R.D. 339, 341 (D. Conn. 1984); Powell v. Kovac's, Inc., 596 F. Supp. 1520, 1523 (W.D. Mo. 1984).

Upon consideration, the Union will be joined under Rule 19. Here, the Complaint asks the Court to grant "additional relief as this Court may deem just and proper." (Compl. at p. 5). Defendant asserts that this allegation is a request for reinstatement. The Court will adopt this interpretation because Plaintiff has not offered an alternative interpretation. Reinstatement is a type of relief that the Court, in its discretion, may grant under the ADEA. Yancey v. Weyerhaeuser Co., 277 F.3d 1021, 1025 (8th Cir. 2002). As such, the Union must be joined because any reinstatement would impact its seniority practices.

## II. **Consolidation**

As previously stated, both parties want this case consolidated with 4:08-cv-159 (CEJ). Federal Rule of Civil Procedure 42(a) provides as follows:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The local rules require that consolidated cases are reassigned to the judge with the lowest-numbered case. E.D.Mo. L.R. 4.03. Because these cases involve common questions of fact, the Court will consolidate these two cases.

## III **Arbitration**

Defendants assert that Plaintiff's claims must be sent to arbitration. Plaintiff does not dispute this assertion.

When interpreting collective bargaining agreements, a "presumption in favor of arbitration normally governs the interpretation of arbitration clauses . . ." E. Associated Coal Corp. v. Massey, 373 F.3d 530, 533 (4th Cir. 2004) (discussing Wright v. Univ. Mar. Serv. Corp., 525 U.S. 70, 80 (1998)). This presumption, however, does not extend to a provision requiring the arbitration of statutory employment discrimination claims. Wright, 525 U.S. at 80. Instead, such a provision may be enforced only if the collective bargaining agreement's requirement to arbitrate is "clear and unmistakable." Id.

Upon consideration, the Agreement clearly and unmistakably requires the parties to arbitrate the statutory discrimination claims at issue in Count I and Count IV. It states that both Service Letter claims and Age Discrimination in Employment Act claims are subject to the arbitration. The explicit recitation of these statutes means that the Agreement's waiver satisfies the Wright test. See Kennedy v. Superior Printing Co., 215 F.3d 650, 654 (6th Cir. 2000). Similarly, Count II and Count III, which are not statutorily based, are subject to the arbitration because the Agreement states that a "grievance is any claim filed under federal, state, or local law." (Memo. in Supp. at Ex. 3 p. 25). Moreover, Plaintiff has not put forward any argument to rebut the presumption in favor of arbitration regarding these two claims.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, or in the Alternative, to require Joinder and/or Consolidation and Compel Mandatory Arbitration of Plaintiff's Complaint (Doc. No. 9) is **GRANTED** and the parties shall begin the arbitration process as outlined in the Agreement.

---

[3] The Court will not address the applicability of the Agreement to Plaintiff's claims against the Union because neither party has raised that issue.

**IT IS FURTHER ORDERED** that the Service Employees International Union Local 2000 is joined as a party and that Plaintiff shall effectuate service upon them in a manner consistent with the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Consolidate (Doc. No. 13) is **GRANTED** and this action is consolidated with 4:08-cv-159 (CEJ).

**IT IS FURTHER ORDERED** that from this day forward, all submissions shall be filed in this case, 4:08-cv-11 (JCH), only.

Dated this 27th day of March, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE